

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 15 2022

CLERK, U.S. DISTRICT COURT
By_____
Deputy

THOMAS ROY CLARK,                          §
                                           §
          Petitioner,                      §
                                           §
v.                                         §     CIVIL ACTION No. 2:18-CV-228-Z
                                           §     (CRIMINAL ACTION No. 2:17-CR-17)
                                           §
UNITED STATES OF AMERICA,                  §
                                           §
          Respondent.                      §

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Before the Court is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or

Correct Sentence by a Person in Federal Custody ("Motion to Vacate") (ECF No. 1), submitted to the

prison mail system for filing on November 29, 2018. Petitioner also filed a Motion for Leave to

Conduct Discovery ("Motion for Discovery") (ECF No. 6). Respondent filed a Response to both the

Motion to Vacate and Motion for Discovery. *See* ECF Nos. 5 and 10. Petitioner did not file a Reply

to either Response. For the reasons set forth below, the Court **DENIES** the Motion to Vacate and

Motion for Discovery.

**BACKGROUND**

Petitioner moves to set aside his sentence under 28 U.S.C. § 2255. On August 11, 2017,

Petitioner pleaded guilty to health care fraud and aiding and abetting in violation of 18 U.S.C. §§ 1347,

2. *See* CR ECF No. 40.[1] Petitioner pleaded guilty solely to count seven of the Indictment. *See* CR ECF

No. 40 at 1–2. On November 29, 2017, the Court held a sentencing hearing and rendered judgment.

*See* CR ECF Nos. 66, 68. The Court sentenced Petitioner to 41 months in the Bureau of Prisons custody

and three years of supervised release. On February 12, 2019, Petitioner filed an appeal to the Fifth

---

[1] The Court will cite Petitioner's criminal case record, *United States v. Williams*, 2:16-CR-36-Z-BR, as "CR ECF No."

Circuit Court of Appeals, challenging the Court's final order of garnishment. *See* CR ECF No. 113. Petitioner never appealed his judgment or sentence except for the final garnishment order. *Id.*

By his Motion to Vacate, Petitioner alleges one ground of constitutional error during his criminal proceedings. ECF No. 1 at 4–5. Petitioner alleges he received ineffective assistance from his trial counsel because trial counsel "entirely failed to subject the prosecution's case at every critical stage to meaningful adversarial testing." *Id.* at 4. Petitioner also alleges the failures in adversarial testing were caused by trial counsel's: (1) coercion in pleading guilty; (2) failure to investigate possible defenses to the crime, and failure to meet with potential witnesses; (3) failure to file objections to the PSR or make any arguments at sentencing; and (5) failure to explain his appellate and post-conviction rights and waiver. *See* ECF No. 1 at 14–16.

Petitioner now argues that "at no time" did he commit health care fraud and that he is actually innocent of these charges. *Id.* at 15–16. Petitioner signed a factual resume as part of his plea agreement. *See* CR ECF No. 39. Despite admitting to the truth of these statements in open court, Petitioner now claims he "adamantly denied the facts" in the factual resume to his attorney before the plea. By the factual resume, Petitioner admitted to all the essential elements of health care fraud and further admitted he was not a licensed chiropractor during times that insurance companies were billed for services he rendered. *Id.* at 3. During his rearraignment hearing, Petitioner's counsel did clarify Petitioner's admissions contained in the factual resume, as follows:

> Your Honor, Dr. Clark has been present in the courtroom during the prior plea and is taking with great consternation your advice about perjury. And we have discussed two points repeatedly both with the U.S. Attorney and with Special Agent Whitworth, who is in the courtroom.
>
> What my client is concerned about is the difference between pleading to the crime, which he is pleading guilty to, and the alleged theory of the Government. On Page 2 of the Indictment, the last sentence states: "From on or about July 2012 and continuing through on or about July 2015, Clark and Jones, the codefendants, did not have permission to use – I mean – yes, "use Crow," which is another doctor's, "NPI number, NPI and name to bill insurance companies for services allegedly rendered by Clark."

That is the scheme. That is what my client's pleading guilty to, is billing insurance companies for services he rendered using someone else's name. Now, in debriefing, we have told the U.S. Attorney we had permission. That doesn't make this legal. It's still against the law. And I've told my client that this theory is not a fact we're pleading guilty to. In fact, it's not in the Factual Resume. We're pleading guilty to defrauding an insurance company. He just wants to make the Court aware of that.

Also, we disagree with the amount, and I said it's not a hard number, it's an approximate number. And we intend to flush out more accurately in the PSI report what we think the true loss is and then argue whether or not restitution is even supposed to happen.

With that, that's our only provision my client wants me to make sure you're aware he is pleading guilty to.

CR ECF No. 109 at 8–9. Additionally, Petitioner's counsel renewed objections at the sentencing hearing to argue that the loss amount should be based on actual, not intended loss, and abuse of trust facts. CR ECF No. 110 at 6–7. Petitioner's trial counsel also cross-examined Agent Whitworth. *Id.* at 13–18. And trial counsel made arguments on his PSR objections and brought forth mitigating facts in the case. *Id.* at 22–26.

Petitioner affirmed in open court that no one had threatened him or forced him to plead guilty in this case and that he was pleading guilty voluntarily of his own free will because he was guilty. CR ECF No. 109 at 22. Further, the court reviewed edits made and initialed by the Petitioner to his factual resume. *Id.* at 21. In fact, Petitioner was comfortable enough at the rearraignment hearing to clarify the stipulated facts in the factual resume regarding Dr. Crow's participation in the alleged scheme to defraud. *Id.* at 23. Petitioner was further questioned about his waiver of appeal. *Id.* at 20. The Court explained under what circumstances a sentence may be appealed and Petitioner stated he understood. *Id.*

LEGAL STANDARD

"Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (internal marks omitted). "[A] defendant is limited to alleging errors of a constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (internal marks omitted). When alleging issues of jurisdictional or constitutional magnitude for the first time in a Section 2255 claim, a petitioner must show cause for his procedural default in not raising the issue on direct appeal and actual prejudice suffered as a result of the error. *Samuels*, 59 F.3d at 528; *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). Respondent set forth an accurate legal standard analysis for ineffective assistance of counsel claims in the Response to the Motion to Vacate. *See* ECF No. 5 at 11. This standard is incorporated by reference.

ANALYSIS

Petitioner alleges trial counsel failed to submit his case to meaningful adversarial testing. Petitioner first alleges that he was "coerced" to plead guilty when his trial counsel insisted that he would lose at trial and face up to a 20-year sentence. Even where a lawyer warns a client that "he would almost certainly lose at trial and face a harsh sentence" such warnings are not threats and do not render the plea involuntary based on coercion. *See United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002). Here, Petitioner has not articulated any threat or improper warning given by his trial counsel to establish deficient performance. Furthermore, Petitioner's admissions in open court directly refute that he was coerced to plead guilty. Petitioner appeared comfortable in court, as evidenced by his correction and clarification of the factual resume, and he specifically claimed he was guilty and pleading guilty of his own free will. *See* CR ECF No. 109 at 22–23.

4

"A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed" and "how it would have altered the outcome . . . ." *See United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). "To prevail on an ineffective assistance of counsel claim based upon uncalled witnesses, an applicant must name the witness, demonstrate that the witness would have testified, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable." *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010). Petitioner claimed in open court that he was satisfied with his attorney's representation. CR ECF No. 109 at 7. He did not make any claims regarding a failure to investigate. In his Motion to Vacate, Petitioner failed to identify potential witnesses, their availability, or their proposed testimony through affidavits or other means.

Petitioner also claims his trial counsel "filed no motion in limine, no discovery motions, no motions seeking exculpatory evidence, [and] no motion for investigative services . . . ." ECF No. 1 at 16–17. Once again, Petitioner must set forth what evidence such an investigation would have produced and how that evidence would have altered the outcome of his case. He has entirely failed to do so. Petitioner also argues that his trial counsel failed to file objections to the PSR or make arguments at sentencing. This is directly refuted by the record. Counsel filed objections to the PSR. CR ECF No. 58. Further, counsel renewed such arguments against the PSR Addendum at the sentencing hearing and made further arguments at the hearing as well. CR ECF No. 110 at 6–26.

Finally, Petitioner argues his counsel failed to adequately explain his post-conviction rights and waiver of appeal. Petitioner pleaded guilty pursuant to an agreement that contained an appeal waiver provision. When he consulted with his attorney prior to his plea, he expressed concerns regarding the loss amount and the factual allegations to be considered by the court in sentencing. Petitioner has alleged ineffective assistance of counsel in the failure to discuss post-conviction appellate rights. Here, there is no indication in the record that trial counsel discussed an appeal *after*

5

the sentence was imposed, which is required in cases where counsel is on notice about issues that may

arise during sentencing. *See United States v. Cong Van Pham*, 722 F.3d 320, 326 (5th 2013). Next, the

Court must determine if counsel was unreasonable for doing so. *See Roe v. Flores-Ortega*, 528 U.S.

470, 479 (2000).

Here, Petitioner was sentenced at the low end of the guidelines on a single count. The

sentencing judge did not rely on information concerning Dr. Crow. Although the actual loss versus

intended loss argument was not resolved in Petitioner's favor, the specific amount contained in the

factual resume was subject to debate. Also, here, Petitioner only challenges the factual basis of his

claim at the time he entered his guilty plea, which was known at the time he entered the plea. Thus,

nothing unexpected occurred at the sentencing hearing that necessitated an explanation of appellate

rights post-conviction or negated Petitioner's waiver of appeal. Further, Petitioner has failed to show

that there was "a reasonable probability that, but for counsel's deficient failure to consult with him

about an appeal, he would have timely appealed," regardless of whether the appeal had merit. *Id.* at

484. In fact, Petitioner did appeal, on his own, the final order of garnishment, without any mention of

trial counsel's failure to advise him on post-conviction appellate relief. Petitioner never attempted to

file an appeal on his sentence and conviction at all. Additionally, there is no evidence that Petitioner

requested that his counsel file an appeal at any time.

The Court notes that Petitioner filed a Motion for Discovery. Having considered the record and

the government's Response to the Motion for Discovery, the Court finds that Petitioner has not shown

that he is entitled to undertake discovery. Rather, it is obvious that he wishes to conduct a fishing

expedition. *See Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996). For the reasons discussed herein,

Petitioner's Motion to Vacate lacks merit. Additional discovery would not help. *United States v.*

*Webster*, 392 F.3d 787, 801-02 (5th Cir. 2004). Petitioner's Motion for Discovery is based on

conclusory allegations and contentions that in the face of the record are wholly incredible. *Perillo*, 79 F.3d at 444; *United States v. Trevino*, 554 F. App'x 289, 295 (5th Cir. 2014).

The Court **DENIES** both Petitioner's Motion to Vacate and Motion for Discovery.

**CONCLUSION**

For the reasons set forth above, the Court **DENIES** Petitioner's Motion to Vacate and Motion for Discovery. *See* ECF Nos. 1, 6.

**SO ORDERED**.

February __*15*__, 2022.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

7